**UNITED STATES of America,**

v.

**Charles MACK, Defendant.**

No. CR.A. 98–308.

No. CIV.A. 01–5858.

United States District Court, E.D. Pennsylvania.

April 18, 2002.

Patrick C. Askin, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Charles Mack, Edgefield, SC, Pro se.

### MEMORANDUM AND ORDER

KATZ, Senior District Judge.

Defendant seeks post conviction relief from a sentence of 262 months' imprisonment following his jury conviction under the Armed Career Criminal Act. The Court of Appeals affirmed on direct appeal. *United States v. Mack*, 229 F.3d 226 (3d Cir.2000). The Supreme Court denied certiorari. *Mack v. United States*, 532 U.S. 1045, 121 S.Ct. 2015, 149 L.Ed.2d 1016 (2001).

■ At the trial, a witness admitted he had identified defendant as the person who shot him right after the shooting. At trial, the witness testified he never actually saw the person who shot him. Admission of the prior identification at the scene was not error. *United States v. Lopez*, 271 F.3d 472, 484–85 (3d Cir.2001); *United States v. Brink*, 39 F.3d 419, 425–26 (3d Cir.1994).

■ The admission into evidence of a rifle was, on balance, necessary to explain why police were on the scene. A dozen spent shell casings from the rifle were discovered close to where defendant was crouched behind a car with a hand gun in his possession.

Defendant has failed to demonstrate that his attorney had any conflict of interest that affected the trial or its outcome.

The sentencing issues raised by defendant were litigated and rejected on direct appeal.

Defendant has not demonstrated the ineffectiveness of his trial counsel. There were no viable Fourth Amendment issues with respect to the recovery of the rifle.

Nor has defendant demonstrated that his experienced Federal Defender failed to advise him of his right to testify or prevented him from taking the stand. It would plainly have been high risk for a defendant with his record to do so.[1] Defendant's affidavit attached to his Motion makes no such claim. One need only read the Court of Appeals decision in this case to understand that defense counsel was effective in handling the direct appeal.

---

1. See the Probation Office report attached to the Motion showing prior convictions for robbery, a firearms offense, aggravated assault, controlled substance offense, another firearms offense, another aggravated assault and possession of an instrument of crime and possession with intent to deliver a controlled substance and conspiracy. This is not to say that all such convictions would be admissible to cross examine defendant, but the risks would be foolish to run.